WM. H. ALSTON, ADMR., V. A. J. ULMAN ET AL.

1. The family of a non-resident is not entitled to a substituted allowance in lieu of a homestead, out of property in course of administration in this State.

2. Domicil in the State is necessary to entitle a party to homestead rights.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

This is an appeal from a judgment rendered in the administration of the estate of J. A. Houze, deceased, allowing his children a substituted allowance of $2000, in lieu of a homestead.

The appeal is prosecuted by the executor, Wm. H. Alston, and by W. C. Dickerson, a creditor.

The facts sufficiently appear in the opinion of the court. The additional fact noticed in the dissenting opinion of Justice Walker also appears in the statement of facts.

*Dohoney & Hale,* for appellants, cited 14 Texas, 597, Cobb v. Coleman; 18 Texas, 413, Franklin v. Coffee; 19 Texas, 275, Jordan v. Godman; 23 Texas, 502, Philleo v. Smalley.

*G. W. Wright,* for appellees.

McADOO, J.—J. A. Houze, a citizen of Alabama, in 1862, sold his homestead in that State, and purchased

land in Texas, with the purpose and intention of immigration to and settlement with his family upon his newly acquired land in Texas. But before he accomplished his purpose of removal, he died in Alabama. He left surviving him three minor children in Alabama. He left no homestead there; he left, however, a large estate of some $40,000 of personal property there, which was administered in the probate court of that State.

These three minor children have been brought to Texas by their friends, and reside in Lamar county, in the vicinity, not on the land purchased by their father.

Letters of administration were taken out in Lamar county by W. H. Alston; and pending the administration, the minor heirs filed a petition setting up the facts above stated—the sale of the homestead in Alabama, the purchase of the land in Texas, the intention of their father to remove to Texas with his family and settle on these lands, his death and the consequent non-removal of the family; that they have no homestead, and are now constituents of the family and citizens and residents of the State of Texas; and they prayed for a substituted allowance, in lieu of the homestead, out of the estate being administered.

The administrator and Dickerson, a creditor of the estate of Houze, resisted the claim in the District Court, set up by the minors, upon the ground that at the time of the death of Houze, neither he nor his family were citizens or residents of the State of Texas, and the minors were not, therefore, entitled to a homestead, or a substituted allowance therefor, out of the Texas estate of their deceased father.

The court below, however, decided in favor of the minor children, holding that they being *now* permanent residents of the State, and the estate of their father being administered in the State, they are entitled to the

same rights as they would be if their father had been a citizen of Texas and had died in this State; and a substituted allowance in lieu of a homestead was awarded. From this decree of the District Court the administrator, Alston, and Dickerson, the creditor, have prosecuted an appeal to this court.

We think the action of the court below was erroneous. In the case of Jordan v. Godman (19 Texas, 275), where the husband and wife abandoned a homestead already acquired and changed their domicil to another State, and the husband died, the wife could not return to Texas and claim the homestead.

Domicil in the State is necessary to entitle a party to homestead rights. To constitute domicil, there must be residence and the intention to make the place the home of the party. (Story's Conf. of Laws, Secs. 52, 53.) It is not sufficient that there was an intention to become a resident; residence and intention must concur.

The judgment in the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

WALKER, J., *dissenting*.—The facts in this case are sufficiently stated in the opinion of the majority of the court, and I shall not materially alter them, except by the addition of one fact, which is omitted in that opinion. I must add that the "large estate" of $40,000 in personalty, left by the father of these appellees, to be administered by the probate court of Alabama, was so administered as to be converted into Confederate money, and thus perished to these minor orphan children. The fact that a creditor of their father's estate, W. C. Dickerson, is contesting with them their right to a homestead in Texas, sufficiently proves the utter insolvency of their father's estate; and so far as the opinion of the ma-

jority of the court is predicated upon the idea of this handsome inheritance, coming to the appellees from their deceased father, it must fall to the ground under the application of this fact. The truth is, these appellees are houseless, homeless orphans. At the time their father sold his homestead in Alabama, he came to Texas and purchased the property here in controversy expressly for a homestead for himself and family. No person in the world can complain of any fraud in this arrangement; for at the time the father was a man in perfectly independent circumstances. But he died, and his estate perished. His orphan children came to Texas, where they supposed they had a refuge and a home. They were here, citizens of the State and of the county where the land lies, and claimed the property as exempt from administration, and as having been dedicated by their deceased father to the sacred rights and uses of a homestead, a refuge and a shelter to them in their orphanage and destitution; and unless I am totally mistaken in the object, letter and spirit of the homestead laws of Texas, they are entitled to it. And thus I most respectfully dissent from the opinion of the majority of the court, contenting myself with this brief statement of the case, without any reference whatever to authorities.