# Platt's Appeal.

80　　　501
d 26 SC ²493

1. A man and woman were married in New York and removed to Ohio, where they lived a number of years : the husband left his residence and came to Philadelphia; the wife about the same time went to Wisconsin ; six months afterwards the husband removed to Michigan, and in September 1867, a year afterwards, commenced proceedings in divorce in a court there, alleging desertion by the wife occurring in Ohio; process was issued commanding the wife to appear, &c. ; the sheriff returned that he could not

[Platt's Appeal.]

serve it; publication was made; the wife not appearing, testimony was taken and in January 1868, a decree of divorce was decreed. The wife in 1869 moved to Michigan and commenced proceedings in the same court to annul the decree. The husband died in Philadelphia in 1871: *Held*, that the decree of divorce was void as to the rights of parties in Pennsylvania and that the wife was entitled to a share of the husband's estate as widow under the intestate laws of Pennsylvania.

2. The wife residing in Michigan at the time of the husband's death, she was not entitled to the $300 under the Act of April 4th 1851.

February 23d 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Philadelphia:* Of July Term 1874, No. 4.   In the estate of Anson H. Platt, deceased.

Alexander McCurdy, administrator, &c., of the decedent, having filed his account, it was referred to David Weatherly, Jr., Esq., as auditor to adjust, &c., and report distribution.

The auditor found that the balance in the hands of the administrator, after payment of debts and expenses, was $612.38.

Of this balance Mary W. Platt, as the widow of the decedent, claimed $300 under the Act of April 4th 1851, sect. 5, Pamph. L. 613, 1 Br. Purd. 416, pl. 60; also one-third of the remainder after deducting the $300.   Mary E. Tucker, Cassius L. Platt and Lucius C. Platt, children of the decedent, claimed the remaining two-thirds.

Louisiana Platt (or Middleton) alleged before the auditor, that Mary W. Platt had been divorced from the decedent and that he had subsequently married her (Louisiana), and that he had by her one child who survived the decedent a few months and died quite an infant.   She claimed that she was entitled to the $300 under the Act of 1851, and also the share of the balance which would have been her child's.

The principal question was whether the decedent was lawfully divorced from Mrs. Mary W. Platt.

The auditor reported the facts as follows :—

"On October 1st 1838, the decedent and Mary W. Lapham, both of them then being residents of Poughkeepsie, in the state of New York, were married at that place.   They continued to live together as man and wife until on or about April 1st 1865, at which time they were residents of Yellow Springs, in the state of Ohio.   On or about said last-mentioned date, he left Yellow Springs, and came to the city of Philadelphia; and about the same time, Mrs. Platt removed to the house of her mother, in Plymouth, in the state of Wisconsin, where she remained until September 1866, when she removed to Sheboygan, in the state of Wisconsin, and there remained until August 1869, when she removed to Holland, in the state of Michigan, where she still resides.   About October 1865 Platt removed from Philadelphia to Ann Arbor, in the state of Michigan, and on the 24th day of September 1867, filed his bill of

complaint against his wife, Mary W. Platt, in the Circuit Court for the county of Washtenaw, Michigan, in chancery, praying for a dissolution of the marriage, upon the ground of desertion by his wife, which he alleged occurred on or about April 1865, at Yellow Springs, Ohio. A subpœna issued out of that court, directed to Mrs. Platt, commanding her to appear and answer the bill, to which the sheriff made return that he was unable to serve it on the respondent, whereupon an order of publication was granted by the court, and the same was published in accordance with the terms of the order ; respondent not appearing, and testimony of witnesses in support of the allegations in complainant's bill having been taken, the court, on the 24th day of January 1868, did 'order, adjudge and decree that the marriage between the complainant, Anson H. Platt, and the defendant, Mary W. Platt, be dissolved, and the same is hereby dissolved accordingly, and a divorce from the bonds of matrimony between the said parties is also adjudged and decreed.' Subsequently, Mrs. Platt filed her bill in the said court, to have the decree set aside, pending which, on the 23d day of October 1871, Anson H. Platt died at Philadelphia, where he had been for some time residing.

" It was conceded by the counsel for Mrs. Platt, that, after said decree of divorce had been obtained, and until his decease, Anson H. Platt lived and cohabited with the herein before-named Louisiana Middleton as his wife, introducing her to his friends or speaking of her to them as such wife, and that he had by her one child, who survived him some months, but is now deceased.

" It will thus be seen :— .

" 1. That the marriage between the decedent and the said Mary W. Lapham took place in the state of New York, of which they were citizens.

" 2. That the alleged desertion by the said Mary W. Platt occurred whilst she and her husband were citizens of the state of Ohio.

" 3. That the divorce was decreed by a court of the state of Michigan, in which state the cause of action did *not* accrue, and where the parties never lived as husband and wife, and where the wife was never served with process, and never appeared, or came to reside until after the final decree of divorce, and in no stage of the proceedings participated, either in person or by counsel."

The auditor was of opinion that the decree of divorce made by the court of Michigan, could not operate so as to destroy the right of Mary W. Platt to share in the fund in the hands of the accountant, and that Louisiana Middleton or Platt was not entitled to share in said fund.

The auditor accordingly distributed the remainder of the fund to Mary W. Platt and her children.

Louisiana Platt filed exceptions to the report of the auditor ;

they were overruled by the Orphans' Court and the report confirmed; it was further ordered that the administrator pay out the fund according to the report of the auditor.

The exceptant appealed to the Supreme Court and assigned for error:—

1. That the court below decided that the decree of divorce was void.

2. That the court below awarded to the first wife the allowance of $300, to which the appellant was entitled.

*W. L. Hirst* (with whom was *E. Thomas*), for appellant, as to first error, cited: Colvin v. Reed, 5 P. F. Smith 375; Reel v. Elder, 12 Id. 308. As to second error, they cited: Odiorne v. Odiorne, 4 P. F. Smith 178; Hetrick v. Hetrick, 5 Id. 292; Spier's Appeal, 2 Casey 234.

*E. D. McLoughlin* (with whom was *W. K. Shryock*), for appellees, cited: Scott v. Noble, 22 P. F. Smith 115; Wharton's Conflict of Laws, sect. 207 (*b*); Yelverton v. Yelverton, 1 Swabey & Tr. 591, s. c. 4 Phillimore 326; Terry's Appeal, 5 P. F. Smith 347.

Mr. Justice GORDON delivered the opinion of the court, February 14th 1876.

That the decree of the court in Michigan, divorcing Anson H. Platt from his wife, Mary W., was nugatory and void, so far, at least, as it affected the rights of parties in the state of Pennsylvania, is a proposition that is not open to doubt. The cause of divorce did not arise in the state of Michigan, neither did the parties reside therein. Mrs. Platt was not served with process, neither did she appear to answer the libel. Under these circumstances, we cannot recognise this decree of divorce as binding on the appellee: Colvin v. Reed, 5 P. F. Smith 375; Reel v. Elder, 12 Id. 308. The auditor was therefore correct in recognising the right of Mary W. Platt to the share of her husband's estate accorded to her, as his widow, by our intestate laws. On the authority, however, of Spier's Appeal, 2 Casey 234, Odiorne's Appeal, 4 P. F. Smith 178, and Hetrick v. Hetrick, 5 Id. 292, we dissent from the auditor's award, to her of the $300, under the Act of 1851. At the time of Platt's death, she was a resident of Michigan; so far as anything appears to the contrary, her separation from her husband was voluntary, nor does it appear, as in Terry's Case, 5 P. F. Smith 344, that by any method she maintained the family relation as far as was in her power. Such being the case, the $300 must be stricken out of the distribution to her.

Decree reversed.