DANIELS v. TAYLOR.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1906.)

No. 2,187.

1. DOWER—ADULTERY OF WIFE—STATUTE OF WESTMINISTER II IN FORCE IN THE INDIAN TERRITORY—CONSTRUCTION.

Under the statute of Westminster II, 13 Edward I, c. 34, adopted in Arkansas as part of the common law, and extended over the Indian Territory by Congress, a wife who willingly separates from her husband and lives in adultery with another, without being thereafter reconciled with her husband, forfeits her right of dower in his lands, and also the interest in his personalty given to her by Mansf. Dig. § 2591 (Ind. T. Ann. St. 1899, § 1879), "as part of her dower."

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dower, § 100.]

2. EXECUTORS AND ADMINISTRATORS—SPECIAL ALLOWANCES TO WIDOW.

Mansf. Dig. §§ 62, 63 (Ind. T. Ann. St. 1899, §§ 119, 120) providing special allowances for the widow, contemplate the case of a widow who in the lifetime of her husband lived with him as a member of his family and performed the duties of that relation, and not one who willingly separated from him, performed none of the duties of a wife, and by her gross misconduct disqualified herself from succeeding him as the head of the family.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 727.

W. H. Kornegay, for plaintiff in error.

John B. Turner, for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

VAN DEVANTER, Circuit Judge. The questions presented in this case arise under such of the statutes of Arkansas, published in Mansf. Dig. of 1884, as have been extended over and put in force in the Indian Territory by Congress (Act May 2, 1890, 26 Stat. 94, c. 182, § 31), and are: (1) Is Ellen Taylor entitled, under Mansf. Dig. § 2591 (Ind. T. Ann. St. 1899, § 1879) to one-third of the personal estate of her deceased husband, George W. Taylor? (2) Is she entitled to receive out of said estate the allowances named in Mansf. Dig. §§ 62, 63 (Ind. T. Ann. St. 1899, §§ 119, 120). The trial court answered the first question in the affirmative and the second in the negative, and upon cross-appeals to the Court of Appeals that court answered both questions in the affirmative. 82 S. W. 727.

The record discloses that Ellen Taylor and George W. Taylor were lawfully married in 1884 in the Cherokee Nation; that they lived together as husband and wife for about three years when upon her particular insistence they separated under written articles of separation; that she did not thereafter live in his home or as a member of his family, but lived entirely separate and apart from him, and in confessed and open adultery with another by whom she bore children; that this adulterous relation continued after the statutes of Arkansas

became applicable to the Cherokee people, and that subsequently George W. Taylor died intestate in the Cherokee Nation without being reconciled to his wife or condoning her adulterous relation.

The statutes of Arkansas extended over the Indian Territory, in addition to declaring that a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, and that she shall be entitled, "as part of her dower," to one-third part of the personal estate whereof he died seised or possessed, adopt in the usual form the common law of England, and all statutes of the British Parliament in aid thereof or to supply defects therein made prior to the fourth year of James I. Mansf. Dig. §§ 2571, 2591, 566 (Ind. T. Ann. St. 1899, §§ 1859, 1879, 465q). One of these British statutes is that of Westminster II, 13 Edward I, c. 34, by which it was enacted:

"That if a wife willingly leave her husband, and go away and continue with her advoutrer, she shall be barred forever of an action to demand her dower that she ought to have had of her husband's lands, if she be convicted thereupon; except her husband willingly, and without coercion of the church, reconcile her, and suffer her to dwell with him, in which case she shall be restored to her action." 2 Co. Inst. 435.

This statute has been substantially re-enacted in several of the states, and in others, when not inconsistent with the legislation of the state, is regarded as in force as part of the common law. 1 Washburn, Real Property, *196. The statute is sometimes spoken of as barring dower only where there is an elopement and adultery, but its true effect in this respect is that there must be a concurrence of voluntary separation and adultery, that is, the adulterous relation must exist while the wife is willingly living separate and apart from her husband, not in his home or as a member of his family. Reynolds v. Reynolds, 24 Wend. (N. Y.) 193; Cogswell v. Tibbetts, 3 N. H. 41; 1 Washburn, Real Property, *195; 1 Cruise, Digest, *174; Co. Litt. 32a, 32b, note 195; 2 Bacon, Abr. "Dower," F; 3 Id. "Marriage & Divorce," E; 2 Bl. Com. *130. Thus Lord Coke says of the statute, 2 Inst. 435:

"Albeit the words of this branch be in the conjunctive, yet if the woman be taken away, not sponte, but against her will, and after consent and remain with the adulterer without being reconciled, etc., she shall lose her dower; for the cause of the bar of her dower is not the manner of the going away, but the remaining with the adulterer in avoutry without reconciliation, that is the bar of dower."

And in Hethrington v. Graham, 6 Bing. 135, where the husband and wife separated by mutual consent and she thereafter lived in adultery with another, it was said by Tindal, C. J., in denying her right to dower:

"We hold the proper construction of the statute to be what the words still will warrant, that if a woman leaves her husband with her own free will, and afterwards lives in adultery, the dower is forfeited."

We think that the statute of Westminister II, adopted in Arkansas as part of the common law, and extended over the Indian Territory by Congress, covers the present case, and bars the widow's right to dower. True, that statute in terms relates to the widow's dower "in her hus-

band's lands," but as the Arkansas statute, in entitling her to one-third part of his personal estate, declares it shall be "as part of her dower," we think it is reasonably plain that this right in the personalty is intended to stand or fall with the right to dower in the realty.

It is urged that the right is not barred in the present case because no decree of divorce convicting the wife of adultery was obtained by the husband, and in support of the contention reference is made to the words of the statute of Westminster II, "if she be convicted there-upon," and to Mansf. Dig. § 2578 (Ind. T. Ann. St. 1899, § 1866) providing: "In case of divorce, dissolving the marriage contract for the misconduct of the wife, she shall not be endowed." Of the ref-erence to the British statute, it is sufficient to say that under it the adultery of the wife could be shown in the action for the recovery of dower and a divorce was not necessary to bar the right. 1 Washburn Real Property, *195; Hethrington v. Graham, 6 Bing. 135; Reynolds v. Reynolds, 24 Wend. (N. Y.) 193. And of section 2578, it is enough to observe that we see nothing in it inconsistent with the stat-ute of Westminster II, or which evinces a purpose to cover the entire subject of what will bar the right to dower. In Wood v. Wood, 59 Ark. 441, 27 S. W. 641, 28 L. R. A. 157, 43 Am. St. Rep. 42, relied upon by counsel, the Supreme Court of Arkansas speaks of the sec-tion as a peculiar one, describes it as borrowed from New York with-out the other New York statutes "which explained and gave it valid-ity and effect in that state," and holds that with it, as well as without it, a divorce a vinculo by the laws of Arkansas, as at common law, puts an end to the right to dower, whether the divorce be granted for the misconduct of the wife or that of the husband. The case does not indicate that the statute of Westminster II was not adopted in Arkansas as part of the common law, or that section 2578 makes di-vorce a prerequisite to the barring of dower in the instance of adultery committed by a wife when willingly living apart from her husband.

Sections 62 and 63, under which allowances are claimed by the widow, are as follows:

"62. In addition to dower, a widow shall be allowed to keep as her abso-lute property all the wearing apparel of the family, her wheels, looms and other implements of industry; all yarn, cloth and clothing made up in the family for their own use; such grain, meat, vegetables, groceries and other provisions on hand as may be necessary for the subsistence of the widow and her family for twelve months, and as many beds, with bedding and such other household and kitchen furniture as shall be necessary for herself and the family of the deceased residing with her and under her control; nor shall any property acquired by the widow be sold to pay any debts of her hus-band contracted before marriage, nor shall such property be embraced in the schedule of the effects of his estate, should the same be deemed insolvent.

"63. In addition to the property specified in the preceding section, the widow, when the estate is not insolvent, may take such personal property as she may wish, not to exceed the appraised value of one hundred and fifty dollars, and the executor or administrator shall deliver to the widow such articles as she may select, not exceeding the value aforesaid, and shall take her receipt therefor, which shall be a good voucher in the settlement of his accounts."

These sections quite plainly contemplate the case of a widow who in the lifetime of her husband lived with him as a member of his

family, and performed the duties of that relation, and not one who willingly separated from him, performed none of the duties of a wife, and by her gross misconduct disqualified herself from succeeding him as the head of the family. Odiorne's Appeal, 55 Pa. 175, 93 Am. Dec. 683; Speidel's Appeal, 107 Pa. 18.

It follows that the judgment of the Court of Appeals must be reversed, that the judgment of the trial court must be reversed in so far as it sustained the widow's claim to dower in the personalty, and that the case must be remanded to the latter court for such further proceedings as may not be inconsistent with this opinion.

It is so ordered.