No. 9982.

In the Matter of the Estate of MICHAEL BUBSER, Deceased.

BUBSER *v.* HERRMANN.

Decided February 6, 1922.

Application for widow's allowance.   Application denied.

*Affirmed.*

1. PROBATE LAW—*Widow's Allowance.* The purpose of the allowance is to provide for the comfort and sustenance of the widow and children pending administration and before distribution.

2. *Widow's Allowance—Widow Residing Outside of State.* A widow who has lived apart from her husband for three years, and is residing outside of the state and maintaining herself at the time of his death, which occurred in this state, is not entitled to a widow's allowance under our statutes.

3. *Widow—Domicile—Statutory Construction.* Under our statutes regarding widow's allowance, the residence of a widow may be elsewhere than the state of her husband's domicile at the time of his death.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. THEODORE THOMAS, for plaintiff in error.

Mr. DOUGLAS A. ROLLER, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error made application for a widow's allowance as the widow of Michael Bubser, deceased, under a section of the statute which provides that "if any decedent leaves a widow residing in this state, in all cases she shall be allowed to have and retain as her sole and separate property," certain named articles to be taken under what is generally known as a widow's allowance. It appeared that some three years prior to the death of Bubser, plaintiff in error went to the state of Iowa, and remained there until the death of her husband. She was there engaged in managing a rooming house a part of the time. She did not correspond with her husband during her absence. An objection was made to the allowance upon the ground that the applicant was not residing in this state at the time of the death of Bubser. The county court sustained the objection, and on appeal to the district court, the objection was there sustained. The cause is before us on error to the order disallowing the claim.

For the plaintiff in error it is contended that our statute is, on this question, identical with that of Illinois, and two cases from that state are cited in support of the contention of plaintiff in error that her residence was at the domicile of her husband. Neither of those cases involve this question. The same may be said of the two Missouri cases cited, since in the statute of Missouri there is no requirement that the widow be residing in the state.

The purpose of the allowance has been stated by this court to be "to provide for the comfort and sustenance of the widow and children pending administration and before distribution". *Deeble v. Alerton,* 58 Colo. 166, 143 Pac. 1096, Ann. Cas. 1916C, 863. This is a correct statement of the purpose of the statute, and a limitation of its benefits to a widow residing in the state, and dependent

upon the estate after the death of the husband, as she had depended upon him before his death.

In this case, since the widow was residing apart from her husband, discharging no duties toward him, and maintaining herself, the reason of the statute does not apply. The allowance is a substitute for support theretofore furnished by the husband. The thing for which the allowance is a substitute not having existed, there is no reason for the allowance.

Plaintiff in error contends that inasmuch as the domicile of the husband is, ordinarily, the domicile of the wife, and presumed so to be, the plaintiff in error must be regarded as residing in this state at the time of the death of her husband. This is to obliterate the distinction between a mere residence and a domicile, a distinction well established, and nullifies the words of the statute "residing in this state." If a widow is held to be residing wherever the domicile of her husband is, the words of the statute just quoted have no effect whatever. Wherever the widow might be living, she would, in law, under that theory, be residing at the domicile of her husband.

We are called upon to give effect to all the provisions of the statute, and if we do so, we must hold that a widow may, at the time of the death of her husband, be residing elsewhere than in the state of his domicile. The judgment is accordingly affirmed.

MR. JUSTICE ALLEN dissents.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.