BUFORD M. WHITE *v.* MARY M. BICKFORD.

*(Jackson.* April Term, 1922.)

1. **EXECUTORS AND ADMINISTRATORS.** Minor child of deceased held not a "citizen of State" so as to be entitled to year's support.

Where a wife obtained a divorce in Georgia, and was given the custody of their minor child at the time, the father's domicile no longer controlled the domicile of the child, but it was at the domicile of the person having the custody and control, and the minor was not a citizen of the State of Tennessee at the time of his father's death in that State so as to be entitled to benefit of the year's support provided by statute. (*Post, pp.* 610, 611.)

Cases cited and approved: Sudler v. Sudler, 121 Md., 46; Hunt v. Hunt, 94 Ga., 257.

Code cited and construed: Sec. 4022 (S.).

2. **EXEMPTIONS.** Grant of year's support to minor child of deceased does not extend to nonresidents.

The statutes granting a year's support to the widow or to a minor child of deceased is an exemption in favor only of the citizens of the State, and such exemption does not apply in favor of nonresidents. (*Post, pp.* 611, 612.)

Cases cited and approved: Crenshaw v. Moore, 124 Tenn., 532; Emmet v. Emmet, 82 Tenn., 369; Briscoe v. Vaughn, 103 Tenn., 308; Coile v. Hudgins, 109 Tenn., 217.

3. **INSURANCE.** Proceeds of insurance on life of resident of State, payable to his estate, inures to benfit of nonresident minor child.

Under Shannon's Code, section 4030, providing that a life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors, and section 4231 thereof, pro-

viding that any life insurance effected by a husband on his own. life shall, in case of his death, inure to the benefit of his widow and children, and be divided between them according to the law of distribution, without being subject to the debts of the husband, whether by attachment, execution, or otherwise, an insurance policy on the life of a resident of Tennessee, payable to his estate, inured to the benefit of his minor child, a legal resident of' the State of Georgia; such statutes not being limited in their operation, like the exemption laws, to citizens of the State. (*Post, pp.* 612-614.)

Cases cited and approved: Hawey v. Harrison, 89 Tenn., 476; Lisenbee v. Holt, 33 Tenn., 50.

Codes cited and construed: Secs. 3985, 4030(S.)

FROM SHELBY.

Appeal from the Probate Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court—Hon. F. M. GUTHRIE, Judge.

A. H. KORTRECHT, for plaintiff.

W. P. BIGGS, for defendant.

MR. L. D. SMITH, Special Judge, delivered the opinion of the Court.

This case involves a controversy between the administrator of the estate and the guardian of the only child, a minor, of Dr. Henry E. Bickford, deceased, over, first, the proceeds of a life insurance policy, and, second, a year's sup-

port for the minor child.   Both matters involve the question of whether this minor child of Dr. Bickford's, at the time of his death, was a resident or citizen of or domiciled in the State of Tennessee; it being contended on behalf of the administrator that, Dr. Bickford having died while a resident citizen of the State of Tennessee, the proceeds of an insurance policy which was payable to his estate ought to go to the administrator for the payment of the debts, and that the proceeds of the life insurance policy which passes to the widow or heirs of the deceased under our statute, and the provisions for a year's support in favor of the minor child of the deceased, are but exemptions which do not exist in favor of persons not citizens of the State.

It is quite clear, from our authorities, that the year's support in favor of a minor child of the deceased is an exemption in favor only of citizens of the State.   It is therefore necessary to determine whether this minor child of the deceased was at the time of his death domiciled in Tennessee so as to be entitled to the benefit of the year's support provided for by statute.   Section 4022, Shannon's Code.   The facts of this case in that respect are these: Dr. Bickford and his wife had their home and were residing in the State of Georgia at the time this minor child was born.   Subsequently Dr. Bickford and his wife had some misunderstanding and separated, and thereupon he moved to the city of Memphis, and there established his home, and was unquestionably domiciled there from that time on until the date of his death.   The wife and child, however, remained in the State of Georgia, and shortly after Dr. Bickford moved to Memphis the wife, by proper proceedings in the State of Georgia, obtained a legal and

White v. Bickford.

valid decree of divorce from Dr. Bickford, and by the decree granting the divorce she was given the control and custody of this minor child, who was living with his mother in the State of Georgia at the time. Ordinarily the domicile of a minor child is that of the father, but this is predicated upon the idea that the father has the control and custody of the child. The control and custody of the minor child in question here was decreed, by proper tribunal having jurisdiction in the matter, to the mother, who was making her home and living in the State of Georgia. That the courts of the State of Georgia where the wife and child were located had jurisdiction and power to pass upon the question of the custody of the child was decided by this court in *Kenner* v. *Kenner,* 12 Thompson. On principle and by the weight of authority, where a father has been legally deprived of his parental authority, and the custody and control of the minor child has been by law changed from him to the mother, the father's domicile no longer controls the domicile of the child, but is established at the domicile of the person having the custody and control. *Sudler* v. *Sudler,* 121 Md., 46, 88 Atl., 26 Ann. Cas., 1913C, 1191, 49 L. R. A. (N. S.), 864. This is undoubtedly the rule in Georgia. *Hunt* v. *Hunt,* 94 Ga., 257, 21 S. E., 515.

We hold, therefore, that this minor child was not a citizen of Tennessee at the time of the death of his father. It was so held by the court of civil appeals, and their decision upon this point is affirmed.

It has been universally held by us that our exemption laws do not apply in favor of nonresidents. This is particularly true of the homestead exemption. The statutes granting a year's support to the widow or to the minor

fall clearly within this principle. It is clearly an exemption statute. *Crenshaw* v. *Moore,* 16 Cates (124 Tenn.), 532, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Emmet* v. *Emmet,* 14 Lea, 369; *Briscoe* v. *Vaughn,* 19 Pick. (103 Tenn.), 308, 52 S. W., 1068; *Coile* v. *Hudgins,* 109 Tenn., 217, 70 S. W., 56. It results that the minor was not entitled to have a year's support out of the estate left by his father, Dr. Bickford.

Was he entitled to the proceeds of the insurance policy? The answer to this question depends upon whether the statute providing for the payment of the proceeds of a policy of this sort to the widow or next of kin is, like in the case of our exemption laws, limited to those persons who are citizens of the State at the time.

Section 4030, Shannon's Code, provides that—"A life insurance effected by a husband on his own life shall inure to the benefit of the widow or next of kin, to be distributed as personal property, free from the claims of his creditors."

Section 4231 provides: "Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise."

This statute has frequently been referred to as being an exemption statute, taking the proceeds of insurance policies out of the general rule that every debtor's property, except such as may be especially exempt by law, is assets for the satisfaction of his just debts (Shannon's Code, section 3985), and in that sense clearly this is an exemp-

tion statute, and if it had no other character or purpose than the protection offered by the ordinary exemption laws, by analogy it would follow that it is limited to citizens of the State, but the context and language of this statute is something more than a mere exemption. It not only exempts the proceeds of life insurance policies from subjection to the debts of the deceased, but it provides for the distribution thereof to the widow and the heirs, and makes the proceeds inure to their benefit. Not only does the statute manifest a purpose to exempt the husband's life insurance from the claims of creditors and to preserve the same for the widow or next of kin, but also the purpose to enable a husband or father to provide a fund during his lifetime which after his death his family may have. *Harvey* v. *Harrison,* 5 Pick., 476. The statute is not only for the benefit of the wife and child, but for the benefit of the husband and father in his efforts to make provision for his family. It is in the nature of a statute of distribution, which prefers the widow, children, or next of kin to creditors in the distribution of the assets, and it enables a father or husband in his lifetime to make special provisions for their protection independently of his property which may be exempt from sale or execution. The exemption statutes proper undertake to protect the family of a deceased person. The insurance statute puts it within the power of the husband or father to himself make provision for their protection. The policy which has constrained the courts to limit the benefits of an exemption statute to citizens of the State (*Lisenbee* v. *Holt,* 1 Sneed, 50) does not apply to those statutes which enables a property owner to himself make disposition of his property in his lifetime, and the insurance statute is of that character and descrip-

White v. Bickford.

tion. The court of civil appeals reached this same conclusion on this point, and their action in that respect is affirmed. Therefore the relief sought by the petition for *certiorari* in this case will be denied, and decree entered, affirming that of the court of civil appeals.