SWANZ, RESPONDENT, *v.* CLARK, SHERIFF, APPELLANT.

(No. 5,534.)

(Submitted September 19, 1924. Decided October 20, 1924.)

[229 Pac. 1108.]

*Attachment—Exemptions—Tools of Mechanic—Implements of Optometrist not Exempt.*

Attachment—Exemption Statutes—Burden of Proof.
    1. While exemption statutes must be liberally construed, yet where an exemption is extended to a certain class of persons, as by sections 9427 and 9428, Revised Codes, the claimant must bring himself within the spirit of its provisions, *i. e.*, he must show that he belongs to one of the classes mentioned.

Same—Optometrist not Mechanic—Tools and Implements not Exempt.
    2. *Held*, that an optometrist, one who practices optometry, recognized by the legislature as a branch of the medical science, is neither a mechanic nor an artisan, and that therefore his tools and implements, such as an ophthalmometer, retinoscope, *etc.*, are not exempt from attachment under subdivision 2 of section 9428, Revised Codes.

*Appeal from District Court, Wheatland County, in the Fourteenth Judicial District; H. J. Miller, Judge of the Sixth District, presiding.*

ACTION by Edward A. Swanz against L. W. Clark, as Sheriff of Wheatland County. Judgment for plaintiff and defendant appeals. Reversed and remanded, with directions to dismiss complaint.

*Mr. Emmet O'Sullivan,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Jones & Jones,* for Respondent, submitted a brief; *Mr. W. E. Jones* argued the cause orally.

*Mr. T. J. Walker, Amicus Curiae,* submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action in claim and delivery was instituted to recover possession of an ophthalmometer and stand, a spectacle trial case, a retinoscope and spectacle frames, which had been seized by the defendant as sheriff of Wheatland county under a writ of attachment. From a judgment entered upon a directed verdict in favor of plaintiff, the defendant appealed.

The only question necessary to be determined is whether the instruments in controversy are exempt from seizure under attachment or execution.

While this court is committed to the doctrine that exemption [1] statutes are to be construed liberally (*Mennell* v. *Wells,* 51 Mont. 141, 149 Pac. 954), nevertheless, in order to obtain the benefit of such a statute, the claimant must bring himself within the spirit of its provisions, or, in other words, where the exemption is extended to a certain class of persons, as in this state, the claimant must show that he belongs to one of the classes mentioned (25 C. J. 12).

Sections 9427 and 9428, Revised Codes, designate the per-
[2] sons and property protected by the exemption statute;
and it is conceded that, if plaintiff is entitled to claim the
property in question as exempt, it is in virtue of subdivision 2
of section 9428, which declares that there shall be exempt:
"2. To a mechanic or artisan: Tools or implements necessary
to carry on his trade."

The controversy resolves itself into this: Is one who prac-
tices optometry a mechanic or artisan, and is his business a
"trade," within the meaning of section 9428 above?

In 1907 our legislature enacted a statute, now sections 3155–
3169, Revised Codes, which, among other things, created a
state board of examiners in optometry, provided for examina-
tions by that board, and for the issuance of a license to every-
one who passed an examination. By section 3155 the practice
of optometry is defined as "the employment of subjective
and objective mechanical means, without the use of drugs, to
determine the accommodative and refractive states of the eye,
and the scope of the functions in general." Section 3159 pro-
vides that every applicant for examination must satisfy the
board "that he has completed the equivalent of at least two
years of high school work, and has graduated from a registered
school of optometry which has an annual course of study con-
sisting of at least a thousand hours of actual instruction, and
that said applicant for examination shall have actually com-
pleted at least seven hundred fifty hours of such course."

The examination prescribed by the board includes the fol-
lowing subjects: "Anatomy, physiology and pathology of the
eye; physical optics; practical optometry; neutralization; phy-
siological optics; prescription writing; frame adjusting, and
questions on the use of the retinoscope, ophthalmoscope, and
ophthalmometer."

The retinoscope is a form of ophthalmoscope for viewing
the retina. The ophthalmoscope is an instrument for viewing
the interior of the eye, particularly the retina, and the oph-
thalmometer is an instrument for measuring the size of a re-

flected image on the convex surface of the cornea and lens of the eye by which their curvature can be ascertained. (Webster's International Dictionary.)

According to the plaintiff's testimony, the purpose of using the retinoscope is to determine the presence or absence of a diseased condition of the eye, but the practice of optometry does not include the use of drugs or medicines or the treatment of the eye in any manner except by the use of glasses ground and adjusted to meet the defective condition of vision. In other words, it consists of making examination of the eye for optical errors or defects and adjusting lenses to correct such errors or defects when found. It is disclosed by the evidence, and it is self-evident, that maladjustment of glasses might result in a very serious injury to the patient.

It is not an argument to say that an optometrist is a mechanic because he employs mechanical means or mechanical instruments in his practice. The instruments in common use by a dentist are mechanical tools (*Maxon* v. *Perrott*, 17 Mich. 332, 97 Am. Dec. 191), as are most instruments used in a surgical operation; but the use of such instrumentalities does not make the dentist or surgeon a mere mechanic within any fair meaning of the terms. (*Whitcomb* v. *Reid*, 31 Miss. 567, 66 Am. Dec. 579.) The character and use of the instruments with the regulations above do indicate in a measure the extent of the knowledge and skill required of one who practices optometry; furthermore, it is worthy of note that by section 3122, Revised Codes, the practice of medicine in this state includes, among other things, the cure, treatment or palliation of any ailment, disease or infirmity of the mind or body of another by directing for use any appliance, apparatus or other agency, and by section 3169 physicians and surgeons are specifically exempted from the operations of the statute regulating the practice of optometry. Apparently the legislature recognized optometry as a branch of the medical science, or, at least, a proper subject included within the scope of the regular physician's practice.

[71 Mont. 385.]

In *State* v. *Yegge*, 19 S. D. 234, 9 Ann. Cas. 202, 69 L. R. A. 504, 103 N. W. 17, it was held that one practicing ophthalmology was practicing medicine, and this upon the theory that any deformity or abnormal condition of the eye is a disease of the eye, and that the fitting of glasses for the relief of defective eyesight is a branch of the practice of medicine within the meaning of the South Dakota statute which defined the practice of medicine substantially as it is defined in this state.

In the absence of anything further to indicate a legislative view as to the status of an individual who practices optometry, it would seem to be an unwarranted conclusion that the intention was to require the qualifications indicated above of one engaged in pursuing a trade, but we are not left in doubt altogether. By section 3166 provision is made for the revocation of an optometrist's license for certain enumerated offenses, or "for unprofessional conduct or for gross ignorance or inefficiency *in his profession.*"

It is altogether immaterial whether optometry is within the dictionary definition of "trade" or "profession" or without the definition of either. As indicated above, the legislature has seen fit to regard it as a profession, and has exacted from the practitioner qualifications inconsistent with the idea that he is a mechanic and his practice merely a trade.

It follows that the instruments in question were not exempt from attachment, and that the plaintiff is not entitled to maintain this action.

The judgment is reversed and the cause is remanded, with direction to dismiss the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN, GALEN and STARK concur.