## In re METCALF'S ESTATE.

(No. 7,002.)

(Submitted January 30, 1933.   Decided March 4, 1933.)

[19 Pac. (2d) 905.]

*Mr. George W. Pierson,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Church & Jardine, Mr. G. G. Harris, Mr. R. M. Armour* and *Mr. O. B. Kotz,* for Respondent, submitted a brief; *Mr. Harris* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The petitioner, Verda Eloise Metcalf, a minor, by and through her guardian *ad litem,* filed her petition to have the proceeds of certain life insurance policies set apart as exempt property, pursuant to the provisions of section 10145, Revised Codes 1921, which was denied in part. The appeal is from the order denying the petition.

The petition, together with the objections thereto of various creditors of Claude L. Metcalf, deceased, whose claims had been allowed, was submitted to the trial court for decision upon an agreed statement of facts.

Claude L. Metcalf and Lois Metcalf, residents of Montana, were husband and wife, and both met death as a result of an automobile accident occurring on August 30, 1930. The wife died on that day; the husband died on August 31, 1930. Both died intestate. The estate of Lois Metcalf has not been probated. Lois Metcalf was insured by two life insurance policies payable to Claude L. Metcalf, in the event of her death. Each was for the sum of $1,000; but owing to the double indemnity provisions contained therein, the sum of $4,013.36 was paid to the administrator of Claude L. Metcalf's estate. Claude L. Metcalf was insured by two life insurance policies, at the time of his death, for $400, each payable to his estate. As a result of his death and of double indemnity provisions contained in the policies, the sum of $1,598.48 was paid to his administrator. He also was insured by an accident insurance policy, and the sum of $5,000 was paid thereon to the administrator of his estate. The annual premium on all five insurance policies was approximately $114.35. The total expense of the administration and burial of deceased and wife was $2,603.46. The value of the other property of the deceased, exclusive of the payments from the insurance companies, was the sum of $860.91.

The petitioner is the daughter of Claude L. Metcalf by a former marriage. Her mother and father were divorced and her custody was awarded to her mother. At the time of the demise of her father the petitioner was twelve years of age. She had resided with her mother at Oakland, California, for more than two years prior to his death.

The trial court granted the petition as to the proceeds of the two life insurance policies amounting to $1,598.48, and denied the petition as to the residue. The petitioner asserts the proceeds of all the insurance policies should be set apart

to her as exempt property, after the payment of the expenses of administration and those incident to the burial of the deceased.

Under the provisions of section 10145, at any time after the return of the inventory the court or judge may, on petition or on its own motion, set apart to the surviving husband or wife, or in the case of his or her death, to the minor children of the decedent, all of the property exempt from execution.

Section 9428 provides: "There shall be exempt to all judgment debtors who are married, or who are heads of families, the following property." Subdivision 7 thereof provides: "All moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance on the life of the debtor, if the annual premiums paid do not exceed five hundred dollars." As a part of subdivision 10 of the same section it is provided, "and no person not a bona fide resident of this state shall have the benefit of these exemptions."

Statutes similar to section 10145 are found among the laws of most states. It is generally held by the courts that these statutes are not statutes of succession or inheritance, but are statutes of exemption or creating a preferred claim against the estate of a deceased person. (*Krumenacker* v. *Andis*, 38 N. D. 500, 165 N. W. 524; *In re James' Estate*, 38 S. D. 107, 160 N. W. 525; *Ex parte Pearson*, 76 Ala. 521; *Shannon* v. *White*, 109 Mass. 146, 148; *Spier's Appeal*, 26 Pa. 233; *Platt's Appeal*, 80 Pa. 501; *Hascall* v. *Hafford*, 107 Tenn. 355, 65 S. W. 423, 89 Am. St. Rep. 952; *Daniels* v. *Taylor*, 76 C. C. A. 139, 145 Fed. 169, 7. Ann. Cas. 352; *Alston* v. *Ulman*, 39 Tex. 157; *Smith* v. *Howard*, 86 Me. 203, 29 Atl. 1008, 41 Am. St. Rep. 537; *White* v. *Bickford*, 146 Tenn. 608, 244 S. W. 49, 26 A. L. R. 129, 130; *Estate of Miller*, 158 Cal. 420, 111 Pac. 255; *Estate of Bose*, 158 Cal. 428, 111 Pac. 258.)

The right to have exempt property set aside for the support of a minor child of the deceased may be waived.

(*In re Estate of Pillsbury,* 175 Cal. 454, 166 Pac. 11, 3 A. L. R. 1396.)

We therefore hold that section 10145 is a statute of exemption, or creating a preferred claim, and not a statute of succession.

Exemption statutes are to be construed liberally. (*Mennell* ▉ v. *Wells,* 51 Mont. 141, 149 Pac. 954; *Swanz* v. *Clark,* 71 Mont. 385, 229 Pac. 1108.) Nevertheless, in order to obtain the benefit of such a statute, the claimant must bring himself within the spirit of its provisions; or, in other words, where exemption is extended to a certain class of persons, as in this state, the claimant must show that he belongs to one of the classes mentioned. (*Swanz* v. *Clark,* supra.)

Under the common law the residence of the father was the residence of the child; but this rule, as we shall presently see, has been changed by statute.

The father and mother of a legitimate unmarried minor ▉ child are equally entitled to its custody. (Sec. 5834, Rev. Codes 1921.) But a parent entitled to the custody of a child has a right to change its residence. (Sec. 5850, Id.) The mother, under the law and decree of divorce between the deceased and herself, was entitled to the custody of the petitioner and was authorized to fix her place of residence. These views are in accordance with the decided cases construing our modern statutory provisions changing the status of married women. (*White* v. *Bickford,* supra; *Sudler* v. *Sudler,* 121 Md. 46, 88 Atl. 26, Ann. Cas. 1913E, 1191, 49 L. R. A. (n. s.) 860; *Fox* v. *Hicks,* 81 Minn. 197, 83 N. W. 538, 50 L. R. A. 663.)

Many states in their exemption statutes make no distinction between residents and nonresidents of the state. Some courts, in the absence of express statutory declaration, refuse to permit nonresidents to avail themselves of the benefits of exemption statutes, and declare the policy of the law to be against such recognition. Others take the view that, on principles of comity, nonresidents may avail themselves of the benefits of exemption statutes.

Both North and South Dakota have similar statutes to section 10145, supra, and exemption statutes not unlike our section 9428. Their respective Codes provide that nonresidents shall not be entitled to the benefits of the exemption statutes. (Sec. 2670, Comp. Laws 1929, South Dakota; sec. 7742, Comp. Laws 1913, North Dakota.) The supreme court of each of the Dakotas has had occasion under their statutes to determine whether or not a nonresident was entitled to have set aside exempt property in a probate proceeding; both hold against the allowance of any exemption to a nonresident. (*Krumenacker* v. *Andis,* 38 N. D. 500, 165 N. W. 524; *In re James' Estate,* 38 S. D. 107, 160 N. W. 525.)

Our attention has been called to the fact that the North Dakota court has held that the proceeds of an insurance policy, payable to the personal representative of the heirs of the decedent, pass by succession and not under the exemption statute. (*Talcott* v. *Bailey,* 54 N. D. 19, 208 N. W. 549.) This result obtains by reason of the provisions of section 8719 of the Compiled Laws of 1913 of the state of North Dakota. We have no similar statute in this state. Under the provisions of the Dakota statute there construed, the court reached the only conclusion possible. The decision in the case of *Talcott* v. *Bailey,* supra, does not in any manner modify the opinion in the *Andis Case.*

As noted above, under section 9428, after enumerating the exemptions to which the judgment debtor is entitled, the legislature, as a closing sentence to the entire section, provides that "no person not a bona fide resident of this state shall have the benefit of these exemptions." This declaration of the legislature is more emphatic than that found in the Dakota statutes, as there all that is required is residence; under our Codes the residence must be bona fide.

Exemption statutes such as under consideration are primarily intended for the protection of the home, as well as for the protection of the state itself. The state is interested

in protecting the home and in throwing safeguards about it, but not the homes of nonresidents. (See Dakota cases cited.)

Our legislature has elsewhere declined to afford protection to the widow and minor children who are not residents of the state. The widow of a resident of Montana who has never resided here has no right of dower in the lands of her deceased husband. (*Rosenow* v. *Miller*, 63 Mont. 451, 207 Pac. 618; sec. 5818, Rev. Codes 1921.)

Whenever the legislature has expressed its will upon any ██ subject, the duty is enjoined upon the courts to accept its expression as the law on that subject and determine controversies arising with respect to it accordingly. The legislature speaks for the sovereign people. The purpose of legislation is to prescribe rules to regulate the conduct, and protect and control the rights, of the citizens. (*In re Beck's Estate*, 44 Mont. 561, 121 Pac. 784, 1057.)

If the provisions of section 9428 with reference to residence are to be given a meaning which its words clearly import, then petitioner, being a nonresident of Montana, is not entitled to have the proceeds of the life insurance policies set apart to her under the provisions of section 10145.

It is apparent, although no reason was assigned for the con- ██ clusions reached by the trial court, that it arrived at its decision upon some other ground than the one forming the basis of this decision. However, if the correct conclusion was reached, it is immaterial what reasons were assigned or upon what grounds the court decided it. (*Grush* v. *Grush*, 90 Mont. 381, 3 Pac. (2d) 402; *Whitcomb* v. *Beyerlein*, 84 Mont. 470, 276 Pac. 430, 431.)

The other questions discussed in the briefs and argued by counsel need not be decided in view of the conclusions reached herein. There being no cross-assignments of error, the order appealed from is accordingly affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

Mr. Justice Angstman, Dissenting:

I do not agree with the majority that the benefits of section 10145 can be availed of only by residents. It is not an exemption statute any more than is section 10146. Both were intended to make provision for the support of the family of the decedent. This is made plain by the title of the chapter in which the sections are found, which is entitled "Provisions for the support of the family." The same is apparent also from the wording of the sections.

It is true that the exemptions provided for by section 9428 are available only to bona fide residents of the state. The insured, father of claimant here, was a bona fide resident of this state at the time of his death. He is the one to whom the exemption is given, and it is his residence, and not that of his minor child, that controls. (*Feld* v. *Borodofski*, 87 Miss. 727, 40 South. 816.)

All of the cases cited in the majority opinion are distinguishable. Thus the cases of *In re James' Estate*, 38 S. D. 107, 160 N. W. 525, *Shannon* v. *White*, 109 Mass. 146, *Smith* v. *Howard*, 86 Me. 203, 29 Atl. 1008, 41 Am. St. Rep. 537, *Alston* v. *Ulman*, 39 Tex. 157, and *Hascall* v. *Hafford*, 107 Tenn. 355, 65 S. W. 423, 89 Am. St. Rep. 952, cited in the majority opinion, were all cases in which the decedent was a nonresident of the state. It was properly held in those cases that there was no exemption in such a case.

The case of *Ex parte Pearson*, 76 Ala. 521, was one in which the exemption or allowance under the statute was for the benefit of "members of the family" of decedent. The allowance was there claimed by the widow. The court held that when the wife and children were residents of another state and had never been in Alabama where the decedent resided at the time of his death, they could not be considered members of his family within the meaning of the Alabama statute. This was likewise the basis of the holding in *Platt's Appeal*, 80 Pa. 501, *Spier's Appeal*, 26 Pa. 233, *Estate of Miller*, 158 Cal. 420, 111 Pac. 255, and *Estate of Bose*, 158 Cal. 428, 111 Pac. 258, in

all of which it was the widow who was asserting the right to the allowance.

The case of *White* v. *Bickford*, 146 Tenn. 608, 244 S. W. 49, 26 A. L. R. 129, is much like this case. The court there held, without citing any authority in support of its holding, that the year's support which the statute affords to the widow or children was not available to a nonresident widow or child, though decedent was a resident of the state, but did hold that proceeds of insurance policies were available to them.

The only other case relied upon in the majority opinion is that of *Krumenacker* v. *Andis*, 38 N. D. 500; 165 N. W. 524, 527. That case involved statutes very similar to section 10145, and supports the view of the majority as to the rights of a nonresident wife. In that case the wife lived in Austria-Hungary, and the decedent was a resident of North Dakota. He had obtained a divorce from his wife and married another woman, but the court held the decree of divorce invalid. The opinion on the point we are considering here was by a divided court. But the majority opinion turns more on the point that the widow ceased to be a member of the family of deceased, rather than upon residence. The majority opinion states: "The plain intent of the exemption laws is for the protection of the home and the family, of residents within the state, and the surviving widow and minor children thereof. There is no home or family within the meaning of the exemption laws, if the father or head of the family lives permanently in North Dakota, and the wife or mother lives permanently in Austria-Hungary, or other foreign nation, or in another of our states, with no intention, or circumstances indicating an intention, to ever become a resident of our state, or become a member of the home of one who is a resident of our state. The law contemplates a family living together and existing as a family." The opinion then proceeds with a discussion wherein the court admits that, in a proper case, the allowance to the widow may be made though she be a nonresident. There is nothing in that opinion to indicate that even the majority would have denied the allowance to a minor child even though a non-

resident. The court held the statute to be one of exemption and not of inheritance, but I think the minority opinions, taking the opposite view, were correct.

Without prolonging this opinion, it is sufficient to say that some courts allow the widow's or child's allowance, out of the estate of a resident, to nonresident claimants. They are cited in the notes in 26 A. L. R. 132. In addition to the cases there cited, the following are to the same effect: *In re Parkinson's Estate*, 193 Cal. 354, 224 Pac. 453; *Caldwell* v. *Caldwell*, 192 Iowa, 1157, 186 N. W. 58; *Yost* v. *Johnson*, 114 Wash. 61, 194 Pac. 834; *In re Van Duyn's Estate*, 129 Wash. 528, 225 Pac. 446.

Had the legislature intended to limit the benefits of section 10145 to residents of the state, it could easily have done so, as was done in Colorado. (See *In re Bubser's Estate*, 71 Colo. 95, 204 Pac. 333.) Here the minor child, though living elsewhere, was still a member of the family of her father. (*In re Van Duyn's Estate*, supra.) He was under obligation to maintain and support her, regardless of her residence. She was living separate and apart from him through no fault of her own, and doubtless against the desires of her father.

The allowance under section 10145 is a charge against the estate in the interest of public policy. (*In re Dougherty's Estate*, 34 Mont. 336, 86 Pac. 38; *In re Blackburn's Estate*, 51 Mont. 234, 152 Pac. 31.) It is to give assurance to residents of this state that after their death their loved ones will be provided for to the extent at least of the exempt property. To give full benefit of section 9428 to the father, resident of this state, the exemption should be set aside for his minor daughter wherever living.

In my opinion, the nonresidence of the minor child is no barrier to her right to receive the allowance provided for by section 10145. No useful purpose would be subserved in discussing what she should receive by way of an allowance under section 10145, under the facts here, in view of the majority opinion.

Rehearing denied March 24, 1933.