## In re FRAZIER.

### No. 4837.

District Court, D. Montana.

Feb. 9, 1934.

Sullivan & Bourquin, of Butte, Mont., for petitioner American Optical Co.

R. McQueen Mills, of Helena, Mont., for bankrupt.

BOURQUIN, District Judge.

The trustee set aside to the bankrupt, an optometrist, his instruments and office furniture, exemption claimed by him by virtue of the law of the state in behalf of physicians and surgeons (section 9428, R. C. Montana), the referee approved, and a creditor seeks this review.

The statute of exemptions is unchanged since territorial days and before "optometrist" had been coined.

At that time there was no regulation of physicians and surgeons, save penalties upon those without certain qualifications. Later and in 1889, 1895, 1907, the profession to avoid abuses, reproach, and no doubt as always excessive competition, inspired a code of regulation, including an examining board, functions, qualifications of applicants, examination, certificate, prohibitions and penalties, its definition of practicing medicine or surgery extending in catch-all fashion to any who prescribed for the use of any person any appliance to palliate any ailment. Chapter 223 (§ 3116 et seq.), R. C. Montana.

Later are other codes of regulation for osteopaths, chiropractors, podiatrists, beauticians, optometrists, and perhaps some others. In some of them are precautionary provisos of nonapplication to others, and in the optometrists' the proviso also excludes vendors of spectacles who do not "traffic upon assumed skill in adapting them to the eye." And in said code the practice of optometry is defined to be "the employment of subjective and objective mechanical means, without the use of drugs, to determine the accommodative and refractive states of the eye, and the scope of the functions in general." Chapter 226 (§ 3155), R. C. Montana 1921, and section 3156 et seq., Supp. 1927.

There is no statutory definition of physician and surgeon, but the common understanding thereof when the exemption statute was enacted, and now, is one learned in the ancient art of relief of bodily ills. It is the referee's judgment that extension of the definition of practicing medicine and surgery as aforesaid in the medical code, not only embraces optometry but also expands the terms physician and surgeon in the exemption statute to include optometrists.

If it be granted that the catch-all phrase defining practice of medicine or surgery would include those practicing optometry, it by no means follows that thereby they are brought within the term physician or surgeon. Said phrase was not at all to extend the characterization or title of physician or surgeon to those without the statutory qualifications necessary to secure a certificate to practice that profession. On the contrary, its purpose was to exclude from practice those without all said qualifications, to penalize any their practice, and that, without dignifying them or their pretensions by the time-honored title of physician or surgeon.

Certainly, the Legislature, by the medical code visiting a penalty upon him who unlawfully practices medicine or surgery, has no purpose therein at the same time by the exemption statute to award him a benefit.

904

The rule is no exemption to unlawful practitioners.

If, however, when enacted the catch-all phrase aforesaid included optometrists, the latter's code subsequently enacted is to be taken as an implied repeal of it to exclude them. For on familiar principles the optometry code discloses legislative intent to embrace the whole subject-matter, to prescribe the only rule in respect to optometrists, a complete code and a substitute for any the medical code relating to them.

Moreover, he who practices optometry, as defined in the code, is not practicing medicine or surgery even as defined by the catch-all phrase for penal purposes. For by the definition of his own code, an optometrist is no more than a diagnostician. He prescribes nothing.

The exemption law is to be liberally construed, provided the claimant proves to be of the statutory class given exemption.

In Swanz v. Clark, 71 Mont. 385, 229 P. 1108, it is held that optometry is a branch of medical science or at least within a physician's office; and the court also holds that an optometrist is not a mechanic or artisan, nor entitled to an exemption as such.

Although not decided, it would seem the court did not consider him a physician or surgeon, for that, if it did, its duty would have been performed to grant the exemption justly due even though claimant mistook proper classification and code paragraph.

It appears that the exemption statute has no provision for optometrists, a profession of subsequent origin, perhaps none for some of the other like professions. If so, it is a case of casus omissus, and the remedy rests exclusively with the Legislature.

Review granted, the referee's order reversed.