# Speidel's Appeal.

1. Where a husband and wife executed a written agreement to separate, whereby each for a valuable consideration relinquished whatever marital rights either might have in the estate of the other, and they forthwith ceased to cohabit, and such separation was actual, immediate and continuous:

  *Held,* that on the death of the husband the widow was not entitled to the $300 exemption provided by the Act of April 14, 1851, § 5, P. L., 613, nor to one third of his personal estate under the intestate laws.

May 23, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

APPEAL from the Orphans' Court, of *Lancaster county:* Of July Term, 1884, No. 57.

[Speidel's Appeal.]

This was an appeal by Catherine E. Speidel, widow of Lorenz Speidel, deceased, from a decree of the said court discharging a rule to show cause why the executors of the said Lorenz Speidel should not appraise and set apart to the said Catherine Speidel property to the value of three hundred dollars out of the estate of her said husband and pay to her one third of the personal estate of said decedent absolutely.

An answer was filed by the executors, and the cause was referred by consent to J. W. F. Swift, Esq., as examiner and Master, who reported the facts to be substantially as follows : The said Lorenz Speidel and Catherine E. Speidel, formerly Folmer, were married in 1829, and lived and cohabitated as man and wife, until 1868, in which year they executed a written agreement to separate. This contract was not produced, and the testimony as to its contents was conflicting. The Master found, however, from the testimony, as matter of fact, that by its terms each relinquished whatever marital rights either might have in the respective estate of the other; that the wife received as a consideration a portion of her husband's estate, and that the parties thereupon ceased to cohabit, and that such separation was actual, immediate and continuous up to the year 1882, when Lorenz Speidel died testate. Subsequently the said Catherine Speidel notified the executors that she elected to take against her husband's will, and under the Intestate Laws, and thereupon filed this petition.

The examiner reported as his conclusions of law that Catharine Speidel was not entitled to any portion of her husband's estate under the Intestate Laws, nor to the $300 exemption under the Act of April 14, 1851, § 5, P. L., 613.

Exceptions filed by Catharine Speidel to these findings of fact and law were dismissed by the court and the rule was discharged. Catharine Speidel thereupon took this appeal, assigning as error her dismissal of the exceptions and the discharge of her rule.

*E. K. Martin* (with him *S. H. Reynolds* and *T. B. Holahan*) for the appellant.

*B. C. Kready, B. F. Eshleman* and *Robt. J. Evans* for the appellees—not heard.

The opinion of the court was filed June 2, 1884.

PER CURIAM. The examiner appointed by consent of counsel, to take testimony and report the facts, found that the appellant entered into a contract of separation with her husband in 1868. That the agreement was signed, sealed and executed; that she at that time, and subsequently, received a

[Doyle *v.* Commonwealth.]

certain portion of his estate in pursuance of said contract; that all mutual claims by virtue of their marital rights against each of their respective estates were then relinquished, and that their separation was actual, immediate and continuous. The court concurred with this finding of facts, and affirmed the conclusion of the examiner. A careful examination of the evidence justifies the finding.

Mr. Speidel lived some fourteen years after the agreement was executed. During all that time the separation continued. At his death the appellant did not sustain such a relation to him as one of his family as entitles her to claim $300 worth of property out of his estate: Tozer *v.* Tozer, 2 Am. Law Reg. 510.

Decree affirmed and appeal dismissed at the costs of the appellant.