## Hook's Estate.

*Decedents' estates—Exemption of $500—Family relationship—Fiduciaries Act of June 7, 1917.*

1. Under section 12 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, it is not necessary that the children of the decedent, to obtain the exemption of $500, should be minors or should have been dependent upon their father, but it is necessary that they should form part of his family.

2. For seventeen years before his death decedent divided his time between the residence of the claimant, his married daughter, and her husband in Philadelphia and a farm he owned in New Jersey. Until within a year of his death he conducted a tailoring business on the ground floor of the Philadelphia property. One year before his death he gave this business to his daughter. Until a year before he died decedent paid the rent; claimant and her husband all other expenses. During the last year of his life he paid nothing and lived with claimant as her guest when in Philadelphia: *Held,* that the family relationship did not exist, and the claim by the daughter for the exemption of $500 should be disallowed.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1922, No. 485.

The auditing judge (Thompson, J.) said in his adjudication:

"Claim was presented on behalf of Helen Hook Wentz, daughter of decedent, for the exemption of $500 allowed children by law, the claim being based upon section 12 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, which reads, *inter alia,* as follows: 'The widow, if any, or, if there be no widow or if she has forfeited her rights, then the children forming part of the family of any decedent dying testate or intestate, within this Commonwealth, . . . may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of $500, and the property so retained or claimed shall not be sold, but suffered to remain for the use of widow or children,' &c.

"The decedent at bar left no widow to survive him, and an examination of the section just quoted shows that only such child or children 'forming part of the family of . . . decedent' can successfully claim the exemption, and testimony was taken, which is attached hereto, in an effort to show such family relationship, from which the following appears: The decedent, at the time of his death, was at a farm in South Jersey, where he had been staying for some days and where he died. The claimant at the time of her father's death was living at No. 5909 Germantown Avenue, Philadelphia, and it

3 D. & C.

appeared that for some seventeen years prior to his death the decedent divided his time between the Germantown address and the aforesaid farm in South Jersey. Decedent's wife died five or six years before him. While they both lived, it appears they were not on good terms. Up until a year prior to his death decedent conducted a tailoring business at No. 5909 Germantown Avenue, and up until the time of his death the dwelling portion of said property was occupied by the claimant and her husband and child and by decedent in the manner above described. It appears that claimant's husband paid the running expenses of the household, and that the decedent paid the rent for the house up until a year before he died, at which time the claimant testifies her father gave her his tailoring business absolutely, including a new delivery automobile, and thereafter claimant testifies she paid the rent. The relationship between the decedent and his daughter is briefly but aptly portrayed in the following excerpt from the claimant's testimony (pages 7 and 8):

" 'Q. You and your husband provided the food for the table, looked after the care of the property, and your father got food and he paid nothing for it as such, but paid the rent? A. Paid the rent up until a year before he died; the year before he died I paid the rent. . . .

" 'Q. You paid the rent for the year prior to his death, and bought all the food? A. Well, you see he had given me the business then.

" 'Q. Then your father lived with you? A. He lived with me.'

"The decedent was in poor health and had about four or five strokes—'very slight ones' (page 3), and claimant testifies that she took care of him at such times, the stroke which caused his death occurring at the farm in South Jersey, to which the claimant was summoned, and was with decedent until he died. According to the testimony, decedent spent periods of several days or weeks alternately at the Germantown address and the South Jersey farm, and it appears that all his personal effects were at the latter place. When decedent's wife died, decedent ceased to contribute any money to the household expenses, and thereafter he lived with his daughter's family, as already described.

"It does not seem to me that the relationship between claimant and decedent is such as is intended by the Act of 1917. The situation which the exemption is intended to relieve is that of a widow or children finding themselves in a state of financial embarrassment due to the sudden loss of the breadwinner. The evidence at bar does not disclose such a condition of affairs. The claimant here was married at the time of decedent's death and living with her husband and child, and the decedent received his board and lodging (when he was not at his farm in Jersey) from claimant in return for his paying the rent up to within a year of his death, when he gave his business to claimant, and thereafter occupied what the testimony indicates was the status of a guest in the home of his daughter. The family relationship of the commonly understood character, i. e., the cohabitation of parents and children, the latter receiving their chief support from the former, did not exist in this case, and there is no evidence to show that in this case the death of the father brought financial distress upon the claimant, the evidence being rather to the contrary."

*Joseph L. McAleer, Matthew Randall* and *Clinton A. Sowers*, for exceptant.
*Walter L. Sheppard*, contra.

GEST, J., Oct. 19, 1923.—It is not necessary that the children of the decedent, in order to obtain their exemption under section 12 of the Fiduciaries Act of 1917, should be minors, or should have been dependent upon their father, but it is necessary, in the language of the act, that they should form

part of his family. This, indeed, was the law prior to the Fiduciaries Act: Palethorp's Estate, 3 Dist. R. 145; Lane's Estate, 6 Dist. R. 618; Stevenson's Estate, 23 Dist. R. 747; Halbe's Estate, 27 W. N. C. 440; Hoffman's Estate, 25 Pa. C. C. Reps. 633, and Henkel's Estate, 13 Pa. Superior Ct. 337.

From our examination of the case, we conclude that the claimant was not a part of the decedent's family as intended by the act, and the auditing judge was correct in dismissing her claim.

As this disposes of the case, it is not necessary to consider the questions of laches, &c., which were argued at some length.

The exceptions are dismissed and the adjudication is confirmed absolutely.