## Arnout's Estate. No. 1.

*Decedents' estates—Widow's exemption of $500—Family relation—Misconduct of husband—Condonation—Fiduciaries Act of June 7, 1917.*

1. Where a wife leaves her husband voluntarily, and is not a member of his family at the time of his death, she is not entitled to the benefit of the provisions of section 12 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, unless his conduct was such as to justify the abandonment.

2. Adultery and communicating venereal disease by the husband would justify the abandonment; but if the wife, although subsequently condoning such misconduct, never resumes the family relation, she will not be entitled to the $500 exemption provided by the act.

3. A wife may be entitled, under the intestate laws, to inherit, and at the same time not be in a position to claim the $500 exemption.

4. Separation by mutual consent does not destroy the wife's right to inherit, because she is entitled to inherit under the intestate laws in any instance, unless she wilfully and maliciously deserts her husband, but she is not entitled to her exemption of $500 unless the family relation exists.

Petition for widow's exemption of $500. O. C. Schuylkill Co.

*John F. Whalen* and *George Ellis,* for petitioner.

*William Faussett, M. M. Burke* and *P. H. Burke,* contra.

WILHELM, P. J., Feb. 11, 1924.—This is the petition of Anna Arnout, widow of George Arnout, late of the Borough of St. Clair, for the issue of a citation directed to the administrator of the estate of George Arnout, to show cause why the said administrator should not cause to be appraised and set apart to the petitioner her widow's exemption to the value of $500.

The answer of the administrator sets out that Anna Arnout is not legally entitled to retain real and personal property of the estate of George Arnout to the value of $500, because Anna Arnout voluntarily abandoned the home and household of the said George Arnout twenty-three years before his death, and from that time to the time of his decease she was not a member of his family or his household.

Testimony was taken in a former proceeding concerning this matter in this court, which, by agreement of counsel, becomes a part of this proceeding, and from which the facts concerning the conduct, habitation and relations between George Arnout and his wife may be gleaned.

A proceeding concurrent with this petition was instituted to have appraised and set apart to Anna Arnout, out of the estate of George Arnout, the sum of $5000, George Arnout having died intestate and without issue. And the facts set out in the opinion as to the claim of $5000, filed concurrently herewith, are more fully covered than will be attempted here.

Anna Arnout left her husband in the year 1897 because he had communicated to her a venereal disease. She left without his protest and with his assent. She set up a home of her own and supported herself, with some slight assistance from her husband, down to the time of his death. She lived a greater portion of this time in the Borough of St. Clair, where he visited her frequently; had sexual intercourse with her, until she left St. Clair and went to Doylestown on account of ill-health and in order to secure medical assistance.

The family relation did not exist between this husband and wife from the time of the separation to the date of his death, a period of about twenty-three years. When a wife leaves a husband voluntarily, and is not a member of his family at the time of his death, she is not entitled to the benefit of the provisions of the Fiduciaries Act of 1917, § 12 (a), unless his conduct was of a character that would justify the abandonment. Adultery and communicating venereal disease on the part of the husband would justify the abandonment of the home by the wife. "The reasonable cause which justifies a wife in abandoning her husband is such as would entitle her to a divorce:" Nye's Appeal, 126 Pa. 341. The conduct which caused the abandonment here would have entitled Anna Arnout to a divorce, but she condoned the offence by subsequently having sexual intercourse with her husband, and that condonation would have prevented her securing a divorce. Therefore, whatever strength her case might possess by her having a legal reason for leaving the home of her husband was destroyed by her subsequent condonation. Her standing under the law is, under the circumstances, that she voluntarily left her husband with his assent. Her remaining away from the home of George Arnout, notwithstanding it was done with his consent, destroyed the family relation; and the purpose of the act of assembly is to protect the family from financial distress immediately after the death of the husband and during the process of settlement of the estate. When no family relation exists, the legislation is not operative. No one can claim the exemption who does not stand in the family relation toward the decedent: Henkel's Estate, 13 Pa. Superior Ct. 337.

In Spiere's Appeal, 26 Pa. 233, it was said: "A widow living in a foreign country, who had been separated from her husband for years and had never formed part of his family here, was not entitled." Nor can a wife claim, under the act, who has left her husband and renounced all conjugal intercourse for a considerable time before his death. She is not such a widow at his death as is contemplated by the statute: Odiorne's Appeal, 54 Pa. 175.

"A wife, who, by articles of separation, has agreed to live separate and apart from her husband for a consideration, and being followed by an immediate and continued separation, cannot claim under the act:" Dillinger's Appeal, 35 Pa. 357; Speidel's Appeal, 107 Pa. 18. "These decisions leave no question that the foundation of the claim must be in the existence of the family relation at the time of the death of the husband:" Henkel's Estate, 13 Pa. Superior Ct. 337.

"The motive for the enactment is clearly traceable in the legislation of the State to the family necessity:" Hettrick v. Hettrick, 55 Pa. 290. And in the same case, it was said a widow who had been divorced *a mensa et thoro* is not entitled to the exemption upon the death of her husband. "When a wife leaves her husband and renounces conjugal intercourse a considerable time before his death, she becomes not such a widow, after his death, as was in contemplation of the legislature when the acts of assembly were passed which entitles her to administer his estate and appropriate $300 of it to her own use. The acts contemplate the case of a wife who lives with her husband till his death, and faithfully performs all her duties to his family; not one who voluntarily separates from him and performs none of the duties imposed by the relation:" Odiorne's Appeal, 54 Pa. 175.

A wife may be entitled to the $5000 under the intestate laws and at the same time may not be entitled to her exemption because the reason for the law rests upon a different foundation. A wife may be entitled under the intestate laws to inherit and at the same time not be in a position to claim the $500 exemption. If a wife separates from her husband by mutual consent, that does not destroy her right to inherit, because she is entitled to inherit under the intestate laws in every instance unless she wilfully and maliciously deserts him, but she is not entitled to her exemption of $500 unless the family relation exists.

And now, Feb. 11, 1924, the petition is dismissed.

