## McGovern's Estate.

*Decedents' estates—Exemption for children—Payment of exemption to maternal grandmother without appointment of guardian.*

1. The purpose of legislation allowing exemptions in the estates of decedents is to protect the family from financial distress immediately after the death of the father and during the process of the settlement of the estate, to maintain and support the decedent's family, so that one bereavement shall not be followed by another, the loss of subsistence. The exemption is not given as an inheritance, but for the use and benefit, the support and maintenance, of those entitled to participate.

2. A maternal grandmother who had the care and custody of decedent's minor children and kept them together as a family, before and after the death of their father, is entitled to receive, without the appointment of a guardian, the sum of $500 set aside as the children's exemption.

Petition for payment of exemption. O. C. Berks Co.

Bushong & Craumer, for petitioner; George J. Gross, for administrator.

Marx, P. J., Jan. 22, 1927.—Francis X. McGovern died on April 15, 1925, intestate, unmarried and survived by five minor children, whose names and the dates of their birth are, respectively, as follows: Jerome, born Oct. 23, 1910; Catharine, born Nov. 26, 1911; Rita, born Dec. 31, 1913; Dolores, born May 16, 1915, and Francis, born Sept. 16, 1916. Letters of administration upon the estate of decedent were granted to James A. McGovern on April 24, 1925.

Frances Bricker, maternal grandmother of the aforesaid minors, maintained the family relationship both before and after the death of the father. She supported and maintained those children, receiving from the father, for that purpose, the sum of $10 per week. At her request, there was appraised and set aside, as children's exemption, the sum of $500, cash on deposit in the Colonial Trust Company, of Reading, Pa. This appraisement was confirmed by this court on Sept. 19, 1925. No guardian was ever appointed over the estates of said minors and the exemption has never been paid.

On Oct. 28, 1926, said Frances Bricker presented her petition to this court, setting forth the aforesaid facts, the further fact that the expense of supporting and maintaining said minors had been and was burdensome to her, that she needed relief, and requesting payment of said exemption to her. A citation was awarded, directed to the administrator, to show cause why said petition should not be granted and payment made as prayed. The administrator, answering, admitted the averments of the petition, but refused payment on the ground that he had been advised by counsel that the only one competent to receive said moneys and execute a legal release therefor is a guardian, and that no such guardian has been appointed.

The right to the exemption being admitted, we are concerned only with the question of paying directly to the maternal grandparent. Examining the legislation authorizing exemption, we find that the purpose of this (as of former legislation upon the subject) is to protect the family from financial distress immediately after the death of the father and during the process of the settlement of the estate, to maintain and support decedent's family, so that one bereavement shall not be followed by another, the loss of subsistence: Henkel's Estate, 13 Pa. Superior Ct. 337, 340.

The exemption is not given as an inheritance, but for the "use and benefit," the support and maintenance, of those entitled to participate. Those outside the family relationship do not participate, and those within may forfeit their rights to the benefit by leaving. Only those maintaining and participating in

the family relationship may benefit by the exemption, and it is given for their use and benefit. In the instant case, we find that the family relationship was maintained by the maternal grandmother. She had custody and care of the children, and kept them together as a family, before and since the death of the father. She was under no legal obligation to maintain that relationship nor to support and care for said minors. · Consequently, she is entitled to reimbursement out of the estates of said minors, and out of the exemption set aside for their use and benefit, for support and maintenance furnished, and to an order providing against further support and maintenance of those constituting the family: Lafferty's Estate, 147 Pa. 283.

It is averred in the petition, and not denied in the answer, that the father paid the petitioner $10 a week for the support and maintenance of these minors. She has had the custody and care of them since the father's death and has in no way been remibursed or compensated for the same. Were we to be asked to make an allowance out of these estates of these minors, covering that period, at the rate of $10 per week, we would make the same. Since the $500 set aside to the use and benefit of these minors was intended for the care and maintenance of said minors during the settlement of the estate, and petitioner now asks that the same be decreed to her, the right thereto in said minors having been established, equity impels us to grant the petition, make the decree as prayed, and do directly what we would do were the fund to be first paid to a guardian or trustee.

It, accordingly, is ordered and decreed that the sum of $500, exemption heretofore set aside and confirmed to the use and benefit of said minors, be paid by James A. McGovern, administrator of the estate of Francis X. McGovern, deceased, to Frances Bricker, maternal grandparent, to the use and benefit and on account of the maintenance of Jerome McGovern, Catharine McGovern, Dolores McGovern, Rita McGovern and Francis McGovern.

From Charles K. Derr, Reading, Pa.