In the Matter of the Estate of STEPHEN A. TANBURN, Deceased.

Surrogate's Court, New York County, September 18, 1953.

*Leo H. Hirsch, Jr.,* and *Henry C. Moses, Jr.,* for Samuel R. Feller and another, as executors of Stephen A. Tanburn, deceased, respondents.

*Jack M. Ginsberg* and *Norma Hack* for Ruth B. Tanburn, petitioner.

COLLINS, S. Decedent's widow as general guardian of his infant daughter has moved pursuant to sections 200 and 201 of the Surrogate's Court Act to compel his executors to set off to the daughter as exempt property the amount of $1,000. The widow concedes for purposes of this motion that during decedent's lifetime she entered into a separation agreement with him under which she waived all rights in and to his estate. Upon his death no part of the estate was bequeathed either to her or to her infant daughter.

The executors have moved under rule 106 of the Rules of Civil Practice to dismiss the application on the ground that inasmuch as decedent left a wife surviving him, his daughter is not entitled to the exemption allowed by section 200 which,

after setting forth the various categories of exempt property, provides that: " Such property so set apart shall be the property of the *surviving* husband or wife, or of the minor child or children *if there be no surviving husband or wife.* * * * No property or money shall be set apart under this section to a surviving spouse who cannot inherit as a distributee, any part of the estate of a deceased spouse who died intestate; nor to a surviving spouse who can neither inherit, nor claim any rights against the estate of a deceased spouse who has died testate." (Emphasis supplied.)

Reading this provision literally the executors urge that minor children are entitled to exempt property *only* if there is no surviving spouse, citing *Matter of Trimboli* (141 Misc. 895; 4 Jessup-Redfield on Law and Practice in the Surrogates' Courts of the State of New York [1949 rev. ed.], § 3023), where it is stated that " If husband or wife survives, minor children are not entitled; only when the minors are orphaned by the death of their surviving parent do rights pass to them " (see, also, 2 Butler on N. Y. Surrogate Law and Practice [1941], p. 418, § 1576); that the widow's waiver of her rights in decedent's estate gives no rights to the daughter; that the language of this portion of section 200 is so clear that there is no occasion for construing it (see *Matter of Rathscheck,* 300 N. Y. 346; *Matter of Senn,* 149 Misc. 215, affd. 241 App. Div. 663); and that if the Legislature had intended that a minor child should take the statutory exemptions under certain circumstances even where a spouse had survived it would have inserted in section 200 a provision to that effect, similar to the one contained in section 87 of the Decedent Estate Law.

The widow disagrees sharply with this view and urges that section 200 must be liberally construed in favor of the beneficiaries referred to therein (citing *Matter of Williams,* 31 App. Div. 617; *Matter of Benjamin,* 150 Misc. 857, and *Matter of Levine,* 157 Misc. 454). She urges that the purpose of the Legislature in granting the surviving spouse a right prior to that of the minor child was not to deprive the child of rights but merely to facilitate division and distribution of such exempt property, as was explained in *Matter of Barnes* (149 Misc. 149, 153) where the court, discussing the reason for amending an earlier exemption statute, noted that " ' Title to exempt property [was] given to surviving husband or wife, as division of it, according to part of section repealed, has been almost impossible in practice.' " When it is recalled that the categories provided in section 200 relate to such items as housekeeping

utensils, musical instruments, the family bible, domestic animals and farm machinery, the practical necessity for providing for disposition of such property to one person, rather than distribution among several persons, becomes obvious.

An examination of the authorities in this State does not disclose any reported decision on the precise question here involved. In the absence of controlling authority the construction of other provisions of the Surrogate's Court Act and Decedent Estate Law which relate to rights in the estate of a decedent, or distribution of property to the surviving spouse and others, offers useful guidance. For example, section 118 of the Surrogate's Court Act, listing the order in which letters of administration will issue, refers in subdivision 1 thereof to " the surviving husband or wife ". Nevertheless, it is well established that mere survivorship of the spouse does not defeat the right of the person next in line to receive letters if the spouse is under some disability — as when she is incompetent, or has renounced letters. Nor has subdivision 5 of section 83 of the Decedent Estate Law, providing that intestate property shall be distributed to children " if there be no surviving spouse ", ever been thought to impose the condition of nonsurvivorship of the spouse on the right of children to take where such spouse, though surviving, is ineligible to take by reason of divorce, nonsupport, abandonment, or any of the other reasons set forth in section 87 of the Decedent Estate Law.

It should be noted that section 200, by a paragraph added in 1936 (L. 1936, ch. 659), in effect incorporated by reference the provisions of section 87 of the Decedent Estate Law by providing that " No property or money shall be set apart * * * to a surviving spouse who cannot inherit as a distributee, any part of the estate of a deceased spouse who died intestate ".

Section 87 in turn was amended in 1941 (L. 1941, ch. 89, § 1) by the addition of the express provision that " In the event that the spouse or parent is deprived of a distributive share in the estate of a decedent by the provisions of this section the estate of such decedent shall be distributed, in accordance with the other provisions of this article, as though such spouse or parent had predeceased the decedent."

Thus the express provisions of the statute make it clear that the survivorship of the spouse or parent who is ineligible to take does not of itself defeat the right of the person next in line to take from the estate " as though such spouse or parent had predeceased the decedent."

Similarly section 18 of the Decedent Estate Law confers the right of election on the " surviving a husband or wife ", yet it has never been seriously contended that where decedent has left a surviving spouse who is nevertheless under a disability to exercise her right, the share of decedent's estate subject to the right may not pass to distributees next in line as provided by section 83 of the Decedent Estate Law.

Surrogate PAGE in *Matter of Carroll* (202 Misc. 508), recently discussed the apparent discrepancy in language between section 200 of the Surrogate's Court Act on the one hand, and sections 87, 83 and 18 of the Decedent Estate Law on the other — a discrepancy particularly evident when it is recalled that all four sections are intended to accomplish the same purpose: the equitable distribution of a decedent's estate among his near and deserving relatives. In reaching the conclusion there that the surviving spouse was entitled to a statutory exemption under section 200, Surrogate PAGE held that section 200, as amended in 1936, should be read " in conjunction with section 87 of the Decedent Estate Law," as if section 87 " had been amended so as to provide that   *   *   *   the provisions of this section had also been extended to claims under section 200 of the Surrogate's Court Act.   *   *   *   although section 87 of the Decedent Estate Law does not expressly say so, when a surviving spouse claims statutory exemptions, the same disposition is required as would be if such claim were made under any provision of the Decedent Estate Law." (202 Misc. 508, 513.) In enacting section 87, Surrogate PAGE added, " the Legislature appears to have forgotten about section 200 of the Surrogate's Court Act."

The opinion of Surrogate PAGE is a forceful and explicit expression of the approach to the construction of these distribution statutes which has been consistently approved by the courts of this State. For example, in *Matter of Barnes* (149 Misc. 149) and *Matter of Sitkin* (151 Misc. 448), the court held that section 200 was to be construed consistently with section 18 of the Decedent Estate Law. Even before section 200 was amended in 1936, to add the last paragraph disqualifying the spouse where such spouse could not inherit as a distributee or claim any rights against the estate, the courts did not hesitate to read limitations on the widow's right to take into the section (*Matter of Schmidt,* 247 App. Div. 505, affd. 271 N. Y. 651; *Matter of Burridge,* 261 N. Y. 225; *Matter of Sitkin,* 151 Misc. 448, *supra*) and it is now of course clear that the exemption

will be denied if, for example, an abandonment is established (*Matter of Chamberlain,* 161 Misc. 880).

The theory of the executors compels them to insist that the child's right to take is defeated by the spouse's survivorship, without regard to whether the spouse is disqualified to take under section 200 for some reason other than failure to survive, such as divorce or abandonment. Yet it cannot be seriously maintained that the Legislature in enacting section 200, and the 1936 amendments thereto, intended to intensify the misfortunes of the minor child in the latter unhappy circumstances by depriving him (until *both* parents are dead) of a share of the exempt property of one deceased parent without regard to whether such parent was guilty of abandonment of the other spouse or the child or both.

A Pennsylvania decision suggests the approach to section 200 which the court should adopt in order to carry out the beneficent purpose of the Legislature. In *Matter of Hankel* (13 Pa. Superior Ct., 337 [1900]), decedent was survived by a widow and three minor children. Before decedent's death he had entered into a separation agreement with the widow pursuant to which she waived all rights in and to his estate including rights to exempt property. Decedent bequeathed his entire residuary estate to a stranger, and both the widow and the children claimed the exempt property. The widow subsequently withdrew her claim and the Orphan's Court awarded the exempt property to the minor children. On appeal the residuary legatee contested the award primarily on the ground that since decedent's widow was living the children were precluded from taking the exempt property under the Pennsylvania Act of 1851 (Pa. Law 616, Act of April 14, 1851) which provided that: "hereafter, the widow or the children of any decedent * * * may retain either real or personal property belonging to said estate to the value of three hundred dollars". The court held that the widow had waived her claim to the exemptions but that the decedent's children had a paramount right to the fund, reasoning that the right was given in the disjunctive to the widow or the children in order that both widow and family might be provided for; that it was not the mere existence of the widow but the existence of her *right* which would defeat the right of the children, and that if there was no widow capable of claiming (although alive) the beneficent intention of the Legislature to provide for the dependent family was not to be defeated because there was living a widow not capable of taking. It may be noted that after this decision the Pennsylvania statute

was amended to provide expressly for a gift to the children in the event of the forfeiture by the widow of her right of exemption (see *Matter of Bell,* 139 Pa. Superior Ct. 11; *Matter of Grossman,* 263 Pa. 139).

Under the circumstances here presented this court would not be warranted either on the basis of reason or justice in departing from the construction of section 200 with sections 87, 83 and 18 of the Decedent Estate Law consistently followed by the courts of this State in order to deprive this decedent's minor child of the exempt property provided for in the statute. Accordingly the executors' motion to dismiss the application to compel a setoff is denied. Decision on the petitioner's application to compel the setoff must be reserved until the filing of an answer.

Submit order on notice.