## Mogan Estate

*Martin Croissant,* for exceptants.

*Leo J. Aaron,* contra.

RAHAUSER, J., August 25, 1955.—This case came before the court en banc on exceptions to the disallowance of a claim against decedent's estate made in behalf of two minor children of decedent for the family exemption under section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512.

The children lived with their mother who was deserted by the father. The father, however, contributed to their support in compliance with a support order of the county court of this county.

Section 211 of the Fiduciaries Act of 1949 provides:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as form a part of the decedent's household, may retain or claim as an exemption and as a reasonable requirement for support during the settlement of the estate, either real or

personal property, or both, not theretofore sold by the personal representative, to the value of seven hundred and fifty dollars. The surviving husband or wife shall be a competent witness as to all matters pertinent to the issue of forfeiture of the right to the exemption."

The question before the court is: Does the act require actual physical presence in the household or under decedent's roof before the exemption is allowable?

Prior to 1949 the law did not exclude minor children from participating in the exemption if they did not dwell under decedent's roof. Particularly was this true if decedent had deserted the minor children. The court does not believe the new provision of the Fiduciaries Act of 1949 was intended to change the law. There is a sentence in the comment of the commissioners under section 211 which says that under the Fiduciaries Act of June 7, 1917, P. L. 447, ". . . it has been determined by case law that children must form a part of the decedent's household to be entitled to the exemption".

Under the Act of 1917 and its predecessor, the Act of April 14, 1851, P. L. 612, it was always held that a widow or the children were entitled to their exemption if they were excluded from decedent's household and, therefore, from a family relationship with him through his wrongful conduct.

In Henkel's Estate, 13 Pa. Superior Ct. 337, decided in 1900 under the Act of 1851, it was held that the question whether dependent family relations existed between a father and his minor children does not depend on whether they lived in the same house but whether, in contemplation of law, they remain members of the family. Also, it was held that an agreement between husband and wife to live separate, the wife for a consideration to support herself and minor children, would not relieve the father from his liability to

provide for the children and, hence, cannot defeat their right under the Act of 1851. In the opinion the court held:

"Where the separation has been through no fault or voluntary act of the dependent person, but has resulted solely from the fault or for the convenience of the father or husband, the family relation, in contemplation of law, continues to exist." See Terry's Appeal, 55 Pa. 344.

The following lower court cases in recent years bring this matter down to date in line with what has been stated hereinabove. In Rossi Estate, 69 D. & C. 190, Judge Boland, writing for the Orphans' Court of Philadelphia County, held that the Fiduciaries Act of 1917, sec. 12(a), did not change the law as established hitherto by decisions interpreting the Act of 1851. In Cullison Estate, 87 D. & C. 516, 518, Judge Sheely, for the Orphans' Court of Adams County, held:

"Section 211 of the Fiduciaries Act of 1949 was not intended to make any basic change in the law as it existed under the Fiduciaries Act of June 7, 1917, P. L. 447, except to give the right of exemption to a surviving husband. The 1917 Act provided for the exemption to the widow or children 'forming part of the family of any decedent.' The prior Act of April 14, 1851, P. L. 612, provided that the exemption should be 'for the use of the widow and family'. Under both acts it was held that no one could make a claim who did not stand in the family relation toward decedent: Henkel's Estate, 13 Pa. Superior Ct. 337, 340 (1900) ; Andrews' Estate, 30 D. & C. 271 (1937) ; Moore's Estate, 54 York 152 (1940) ; Rossi Estate, 69 D. & C. 190 (1949), and, as pointed out in the report of the Joint State Government Commission, the requirement of a family relationship was construed to mean that children must form a part of decedent's 'household' to be entitled to

the exemption, and hence that word was used in the 1949 Act." See, also, Auch Estate, 174 Pa. Superior Ct. 406.

It is the opinion of the court that the reasoning in these cases construing prior acts giving family exemptions is applicable to the construction of section 211 of the Fiduciaries Act of 1949 and, therefore, that the legislature did not intend that when, as in the instant case, dependent children have been deserted by their father and are not physically present in the household or under his roof by reason of decedent's fault, they, the minor children, should not be entitled to the exemption provided by the act.

The exceptions are sustained and a decree will be entered in accordance with this opinion.