In re ESTATE OF Harold M. ARBEITMAN.

Brooke ARBEITMAN, Appellant,

v.

Donna ARBEITMAN, Respondent.

No. 64882.

Missouri Court of Appeals,
Eastern Distrtict,
Division Three.

Sept. 27, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 9, 1994.

---

1. Respondent's motion to dismiss wife's appeal is    denied.

Michael A. Wolff, Charles A. Seigel, III, Seigel & Wolff, St. Louis, for appellant.

John L. Sullivan, Dianne S. Johnson, St. Louis, for respondent.

CRANDALL, Judge.

Brooke Arbeitman (daughter), appeals from an order of the trial court, probate division, which denied her application for the homestead allowance and exempt property in the estate of Harold M. Arbeitman, deceased. We reverse and remand.

Harold M. Arbeitman died testate and his estate was opened for probate. Daughter filed an application for homestead allowance and exempt property. *See* §§ 474.290 and 474.250, RSMo 1986, respectively. Daughter is the unmarried minor child of Harold M. Arbeitman by a former marriage. At the time of his death, Harold Arbeitman was married to his second wife, Donna Arbeitman (wife).

Wife, as decedent's surviving spouse, also applied for the homestead allowance and exempt property. Daughter objected to wife's applications on the grounds that wife had waived her rights to these allowances by virtue of a prenuptial agreement.

The trial court declared the prenuptial agreement was valid and binding, and held that wife had thereby waived her rights to the homestead allowance and exempt property.[1] Thereafter, the trial court denied daughter's applications for the homestead allowance and exempt property, ruling that daughter, as the unmarried minor child, was not entitled to the allowances because the decedent had left a surviving spouse, albeit one who had waived all her statutory rights.

Section 474.290, RSMo 1986, provides for a homestead allowance, not to exceed $7,500, which is exempt from all claims against the estate. It may consist, in whole or in part, of money or property, real or personal. *Id.* The statute provides that this allowance is "the property of the surviving spouse, if any; otherwise it is the property of the unmarried minor children in equal shares." *Id.*

The exempt property statute, § 474.250, RSMo 1986, lists certain personalty of the decedent's estate that is the absolute property of the surviving spouse or unmarried minor children. This statute also provides that this property "shall belong to the surviving spouse, if any, otherwise to the unmarried minor children in equal shares." § 474.250, RSMo 1986.

On appeal, daughter contends that the relevant statutes require distribution of the homestead and exempt property to the decedent's unmarried minor children when the surviving spouse has relinquished her right to such property. Wife contends the statutes should be construed literally. She asserts that allowing minor children to claim the exempt property and homestead allowances when the surviving spouse has relinquished her rights violates the specific and plain language of the statutes.

---

**1.** In *Arbeitman v. Rabin,* No. 64697, 886 S.W.2d 644 (Mo.1994) handed down this day, this court upheld the validity of the prenuptial agreement.

"The right of homestead is of American origin. Its purpose is to provide shelter and protection for the respective heads of the family and their unmarried minor children beyond the reach of creditors or financial misfortune. It is founded upon public policy in the interest of humanity." *Owen v. Riffie,* 323 S.W.2d 765, 769 (Mo.1959). The apparent legislative intent in allowing the surviving spouse certain household effects was "to provide a temporary support for the surviving spouse and family, a purpose founded on sound public policy and intended for the conservation of the family." *In re Bernays' Estate,* 344 Mo. 135, 126 S.W.2d 209, 215 (1939). Statutes creating such rights are to be construed with great liberality. *Id.*

Although this question has not been directly addressed in Missouri, *In re Ryan's Estate,* 174 Mo.App. 202, 156 S.W. 759 (1913), involved a question of similar family allowance statutes. In *Ryan's* a minor child applied for allowances as absolute property out of his mother's estate. *Id.* 156 S.W. at 760. The statute conferring the right to the allowances to minors purported to do so "in case a widow shall die" leaving minor children. *Id.* However, the minor's deceased mother was not a widow, but a divorcee. *Id.* In determining the intent of the legislature, the court noted,

> It is clear, ... that, if an unmarried father should die leaving such minor children and a prior wife surviving him with whom the marriage relation had been severed by divorce, such minor children would be entitled to the allowances otherwise available to the surviving prior wife had she continued to sustain that relation until the death of her husband. This is true because the father was unmarried at his death and the divorced wife is not the widow of the deceased prior husband and as such entitled to enjoy a continuation of his exemption rights in allowances available to his widow ... The minor children ... who otherwise would have no right to such are therefore entitled to them.

*Id.* The relationship in the instant case is analogous to the relationship described in *Ryan.* There, the prior wife survived the deceased, but her rights to the allowances

were extinguished by their divorce. Here, the rights of the surviving spouse were relinquished in the prenuptial agreement. Neither of these spouses were entitled to the exemptions, although both survived the decedents. Therefore, just as the minor children discussed in *Ryan* could claim the allowances in the absence of a superior right held by a surviving spouse, so should the minor child here.

Other jurisdictions have considered similar circumstances. In *Estate of Henkel,* 13 Pa.Super. 337 (1900), a Pennsylvania statute provided a homestead allowance in the amount of $300 for "the widow or the children of any decedent." *Id.* at 339–40. The decedent's spouse had waived her right of dower and all interest of any kind in her husband's estate in a separation agreement. *Id.* at 341. The decedent left his residuary estate to a stranger, and both his widow and his minor children claimed the exempt property. *Id.* at 337–38. The widow's claim was withdrawn and the lower court awarded the exemption to the minor children. *Id.* at 339. The court held that the widow had relinquished her claim to the exemptions, but that the minor children had a right to the funds, reasoning that it was not the *mere existence* of the widow which would defeat the right of the minor children to claim the exemption, but the existence of her *right* to claim the exemption which would defeat the children's right. *Id.* at 342. The court reasoned that this result would not defeat the beneficent intention of the legislature to provide for the dependent family. *Id.* In dicta, the court actually addressed an identical situation as that found in the case at bar:

> If a widower who has a number of young children, being about to contract a second marriage, enters into an antenuptial contract, in which the parties agree to waive all claims upon each other's estates, contracts the marriage and afterwards dies, the rights of his young children under the act would not be defeated because their stepmother was debarred from claiming.

*Id.* Similarly, in *In re Tanburn's Estate,* 204 Misc. 970, 125 N.Y.S.2d 209 (1953), a New York statute provided that exempt property be set aside for the "surviving husband or

wife, or [for] the minor child or children if there be no surviving spouse." *In re Tanburn's Estate,* 204 Misc. 970, 125 N.Y.S.2d at 210. The surviving spouse in *Tanburn's* had waived her right to the exempt property in a separation agreement with the decedent. *Id.* The decedent's minor daughter sought delivery of the exempt property. *Id.* Given the nature of the exempt property statute, the court declined to adopt a strict construction, and held that the survivorship of the spouse who was ineligible to take would not defeat the minor child's right to claim the exemption. *Id.* at 211–14.

The Missouri statutes in question have the same policy and purpose as the statutes discussed in *In re Tanburn's Estate* and *Henkel's Estate. See Owen v. Riffie,* 323 S.W.2d 765 (Mo.1959). These statutes were meant to provide for those who were dependent upon the decedent as members of his family. In order to effectuate the policy and salutary purpose of the statutes, they should be construed liberally to provide that a decedent's unmarried minor children receive the allowances if the surviving spouse has relinquished or forfeited her right to claim in any manner.

Here, the surviving spouse relinquished her right to claim the allowances by virtue of the prenuptial agreement. Although the *right* of a surviving spouse to claim these allowances would defeat the right of the minor children to claim, the mere existence of a surviving spouse should not. Thus, wife's ineligibility to take should not defeat the decedent's unmarried minor child's right to claim these allowances. The trial court erred in denying daughter's application for homestead allowance and exempt property. Daughter's point is granted.

The order of the trial court is reversed and the cause is remanded.

CRANE, P.J., and CARL R. GAERTNER, J., concur.